FARRIN *versus* KENNEBEC & PORTLAND RAIL ROAD COMPANY.

It is requisite that a case marked on the county docket, as one in which some question of law is to be settled, should be transferred to the next law term.

If not so done, the Judge afterwards presiding at the county court may enter such judgment as to law and justice may appertain.

Thus in an action marked "law" upon the county docket, which the plaintiff neglected to enter at the law term, though there be a suggestion that the omission occurred through mistake or inadvertence, a nonsuit may be legally ordered.

ON EXCEPTIONS from *Nisi Prius,* SHEPLEY, C. J., presiding.

CASE, for injury done by altering the grade of the street in front of the plaintiff's dwellinghouse.

At the *Nisi Prius* term, Sept. 1851, the parties submitted the question of damages, if any, to be determined by three referees, and put upon the files of the Court an agreed statement of facts, upon which, in connection with the referees' estimate of the damages, the case should be submitted to the Court, at its law term, in May, 1852. Prior to May, 1852, the law term for this county was abolished, and a *Nisi Prius* May term was established. The report of the referees was not accepted or presented at that term.

By statute of 1852, c. 247, taking effect from and after April 30, 1852, all cases of law or in equity then pending in the county court were required to be removed to, and entered at, the law term of this Court for the Middle District to be held at Augusta, in June, 1852.

This case, though marked "Law," was not entered at said law term, but remained on the county docket, and for that reason, the Judge, at the *Nisi Prius* October term, 1852, ordered a nonsuit to be entered. To that direction, the plaintiff excepted.

*Gilbert,* for the plaintiff.

1. The plaintiff was not by law obliged to enter his action above, because no questions of law could there be considered without a report of referees; and the report not having been

Farrin *v.* Kennebec & Portland Rail Road Company.

published, could not be noticed by the Court. Hence there was no question of law to carry up.

2. If the report could have been acted upon by the Court without publication, then the report itself would show that the plaintiff should have been nonsuited by his agreement, for their award was, that he had sustained no damage. There was therefore, at all events, no cause to enter the action above, and hence the nonsuit was erroneously ordered.

3. The act of inadvertently marking an action *law*, which presents no question of law, does not of itself render it necessary to enter the action at the law term, and a nonsuit should not be ordered for such a mere inadvertence.

If asked why, in view of the award against us, we should object to the nonsuit, our answer is, that we wish opportunity to object to the award, and get it set aside for the grossness of its wrong, and then go to trial before the jury.

*Evans,* for the defendants.

WELLS, J. — This action having been marked upon the docket, at the May term, 1852, as one in which some question of law was to be settled, should have been entered at the next succeeding law term within the district. By the Act of April 9, 1852, c. 246, § 10, in case such entries are not made, " the presiding Justice, at the next, or the second succeeding term after the law term, in which they should have been entered, shall enter up such decree, or render such judgment, by nonsuit, default or judgment on the verdict, or other mode, as to law and justice shall appertain."

It does not appear that the plaintiff failed to enter his action at the proper law term, through any mistake or inadvertence. It was his duty to have presented to the Court, at the May term, 1852, the report of the committee appointed to ascertain the damages, which he alleged he had sustained, and his omission to do so can form no excuse for not entering his action, as required by law. If the report had been opened at the May term, and it had appeared, that in the judgment of those appointed to ascertain the damages, none had been sustained, a

nonsuit would then have been entered. A copy of the report is not furnished with the papers, but it is stated in argument by the plaintiff's counsel, that the committee found, that the plaintiff had not suffered any damage. But the subsequent neglect to prosecute the action, in the manner provided by statute, was the ground upon which the nonsuit was ordered, and no just cause of objection can be made to that disposition of it.

*Exceptions overruled.*

HOWARD, RICE and HATHAWAY, J. J., concurred.